Buckmaster *v.* Beames *et al.*

NATHANIEL BUCKMASTER, for the use of George W. Denham, plaintiff in error, *v.* MANNING BEAMES *et al.* defendants in error.

## *Error to Madison.*

A plaintiff, who brought a suit for the use of another which was removed to the Supreme Court, made a motion in that Court founded on affidavit that the person beneficially interested had removed from the State and was insolvent, that the writ of error be dismissed unless he should give security for costs: *Held,* that the beneficial plaintiff had the right to prosecute the suit in the name of the nominal plaintiff, but that he would be required to indemnify and protect the latter against the payment of costs.

Where a party is required to give security for costs, and presents a bond, if the same is objected to as insufficient, it is incumbent on the party presenting it to satisfy the Court by competent proof that it is sufficient.

IN this cause a motion was made to dismiss the writ of error, unless the beneficial plaintiff should indemnify the nominal plaintiff against the costs of the suit. The affidavit, upon which the motion was founded, is substantially stated in the Opinion of the Court sustaining the motion. It was argued on behalf of the nominal plaintiff by *J. Gillespie*, counsel for the defendants in error, and resisted by *L. Trumbull* and *J. B. Thomas*, counsel for the beneficial plaintiff in error.

The Opinion of the Court was delivered by

TREAT, J.* This suit was originally instituted in the name of Buckmaster for the exclusive benefit of Denham, on a bond made payable to the former, for the use of the latter. Failing to recover in the Court below, Denham prosecutes a writ of error to this Court in the name of Buckmaster. Buckmaster now files his affidavit, alleging that Denham resides out of the State and is insolvent, and moves the Court to dismiss the writ of error unless Denham shall give security for costs. The application will be allowed. Denham has the right to prosecute in the name of Buckmaster, but he is bound to indemnify and protect him against the payment

---

* YOUNG, J. did not sit in this case.

of costs. A rule will be entered requiring Denham to show cause why he shall not give security for costs, and unless cause is shown, or security given, the writ of error will be dismissed.

*Motion allowed.*

At a subsequent day of the term, the beneficial plaintiff, in compliance with the foregoing order of Court, filed a bond for costs, which was objected to by *Gillespie*, for the defendants in error, who asked that the plaintiff might be required to show that the bond was a sufficient indemnity to Buckmaster. The point was taken under advisement.

The following Opinion was delivered by

TREAT, J. At the instance of Buckmaster, the nominal plaintiff in this writ of error, a rule was granted on a former day of this term, requiring Denham, the beneficial plaintiff, to shew cause why he should not give security for costs. In answer to the rule, he now presents a bond for costs, which is objected to by Buckmaster. No proof has been introduced by either party as to the responsibility of the person executing it. Must the party offering the bond shew its sufficiency, or must the one objecting to it shew its insufficiency? The question is one of easy solution. Denham, having failed to show cause against the rule, is bound to give good security for costs. This is an affirmative act on his part. If the security tendered is objected to, it is then incumbent on him to satisfy the Court, by competent proof, that it is sufficient to indemnify Buckmaster against the payment of costs. He has knowledge of the pecuniary circumstances of his surety, and if they are adequate, he can readily produce the proof. The other party is not presumed to know anything respecting them, and may therefore require him to make the proof. The bond will be rejected and the writ of error dismissed, unless satisfactory proof is presented of the responsibility of the person signing it, or other security is given.